UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MIGUEL OROPEZA, individually and on behalf of
others similarly situated,

                       Plaintiff,

     -against-

GENMARK RESTAURANT, INC. (d/b/a BARKING
DOG LUNCHEONETTE), BRAHO RESTAURANT
CORP. ((d/b/a BARKING DOG LUNCHEONETTE),
MARK WEISSMAN, EUGENE GARCIA,
EVANGELIA CASSIMOS, and SPIROS KASIMIS,

                       Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/18

**MEMORANDUM and ORDER**

16-CV-6159 (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

     In this action, brought pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law, to recover, inter alia, unpaid minimum wages and overtime compensation, the parties agreed to settle their dispute. The parties' revised proposed settlement agreement, see Docket Entry No. 50, was submitted to the Court for its approval, after a conference at which the Court explored the fairness and reasonableness of the agreement with the parties. Under the terms of the agreement, the defendants will pay the plaintiff $90,000 to resolve this action; of that amount, $30,000.00 is allocated for attorneys' fees and costs. In addition to the proposed settlement agreement, the Court was provided the retainer agreement into which the plaintiff entered with his counsel and counsel's billing records setting forth the identity of each attorney who provided legal services to the plaintiff in connection with this action, the date(s) on which the services were provided, the hours expended by the attorney and the nature of work the attorney performed.

     Where parties have entered into an agreement settling FLSA claims, with prejudice, as is the case here, a district court or the United States Department of Labor must approve the parties' settlement agreement before their stipulated dismissal of the action may take effect. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The Court's approval responsibility includes determining whether the attorney's fees component of the proposed settlement agreement is

reasonable. See 29 U.S.C. § 216(b); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015).

In the case at bar, the Court analyzed the billing records of the plaintiff's counsel along with the other settlement-related documents. The Court's analysis included performing a "lodestar" calculation, that is, an arithmetic computation in which the number of attorney hours reasonably expended is multiplied by a reasonable hourly rate, to achieve a reasonable fee for the legal services provided by counsel. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983). While there is "[a] strong presumption that the lodestar figure . . . represents a 'reasonable' fee," Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S. Ct. 3088, 3098 (1986), the fee derived through a lodestar calculation may be adjusted upwardly or downwardly based on various factors attendant in the particular case. See Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). The lodestar calculation, performed by the Court, resulted in attorneys' fees of $4,387.50 which is $25,612.50 less than the $30,000[1] the parties agreed should be allocated to compensate the plaintiff's counsel, from the $90,000 settlement fund. In essence, the $30,000 amount is approximately seven times the lodestar.[2]

During the conference referenced above, the plaintiff urged the Court to approve the parties' determination respecting the amount of fees the plaintiff's counsel should receive, $26,900 ($30,000-$400), although that amount constitutes an upward adjustment of $25,212.50 from the lodestar calculation. According to the plaintiff's counsel, the speedy settlement achieved on behalf of the plaintiff, through negotiations among the parties, warrants the payment to counsel of one-third of the settlement fund instead of the presumptively reasonable lodestar amount. The Court disagrees.

FLSA is a "remedial and humanitarian" statute enacted, inter alia, to provide a means to recoup for "those who toil [and] who sacrifice a full measure of their freedom and talents to the use and profits of others" wages which they have earned but have been withheld from them, unlawfully,

---

[1] The billing records of the plaintiff's counsel indicate that $400 in costs were incurred, due to the filing fee. When the $400 are subtracted from the $30,000 allocated to compensate counsel, $29,600 remain. The lodestar is $25,212.50 less than the $29,600, the amount of the $30,000 that represents the attorneys' fees minus the costs incurred.

[2] The $29,600 are also approximately seven times the lodestar.

by their employers. Tennessee Coal, Iron & R.R. Co. v. Muscoda Local 123, 321 U.S. 590, 597, 64 S. Ct. 698, 703 (1944). Mindful of FLSA's purpose, in part, to obtain the wages earned by an employee that have been withheld improperly by his employer, and cognizant that a reasonable fee shall be allowed a successful FLSA plaintiff's counsel, see 29 U.S.C. § 216(b), the Court is not persuaded that in this single-plaintiff action that presents no complex or novel issues, the speed with which the parties achieved a negotiated disposition alone justifies, and makes reasonable, the payment of a fee to the plaintiff's counsel that exclusive of costs, exceeds, by $25,212.50, the presumptively reasonable fee achieved by performing the lodestar calculation. Consequently, the Court cannot approve the parties' proposed settlement agreement.

## CONCLUSION

For the reasons set forth above, the parties' application, for an order approving their proposed settlement agreement, is denied, without prejudice.

Dated: New York, New York
March 6, 2018

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

3